IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN THOMAS,  )
    Petitioner,  )
        v.  )  2:13-cv-354
          )
SUPERINTENDANT ROZUM, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Jonathan Thomas, by his counsel, has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

    Thomas is presently incarcerated at the State Correctional Institution at Somerset serving a life sentence imposed following his entry of a plea of guilty to charges of second degree murder and robbery at No. CP-63-CR-1619-1995 in the Court of Common Pleas of Washington County, Pennsylvania. This sentence was entered on March 3, 1997.[1]

    However, this is not Thomas' first challenge to this sentence. He previously filed a habeas corpus petition in this Court at 2:11-cv-270. The latter petition was dismissed on the merits on May 17, 2011 and on August 4, 2011, the Court of Appeals dismissed the appeal for want of jurisdiction based on the untimeliness of the petitioner's notice of appeal. Thomas now returns to this Court with a petition executed on March 11, 2013, seeking to challenge this same conviction.

    The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal

---

[1] See: Petition at ¶¶ 1-6.

1

court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 13th day of March, 2013, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

                                                s/ Robert C. Mitchell,
                                                United States Magistrate Judge